FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 3 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.                                                     No. CIV-03-0938 BB/ACT

THE GOVERNOR OF
THE STATE OF NEW MEXICO,
THE ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,
PRESIDENT-GEORGE BUSH,
SECRETARY OF STATE COLIN POWELL,
THE U.S. SENATE MAJORITY LEADER,
THE U.S. HOUSE SPEAKER,
THE U.S. ATTORNEY GENERAL,
ROBERT MOORE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was convicted and sentenced by a state court in King County, Washington, and is confined in a Washington state prison. The complaint asserts that Washington and New Mexico are not states, and because Plaintiff's incarceration in Washington is illegal, it would also be illegal in New Mexico.[1] For relief, he asks that the United States District Court in New Mexico declare that New Mexico is not a state and, thus, neither is Washington. Plaintiff's federal constitutional rights would then be vindicated by an award of $9,000,000.00 in damages and, presumably, his release.

These allegations and claims, at worst, are frivolous or even delusional, and, at best, present no controversy requiring adjudication by this Court. The court has the discretion to dismiss claims that are "patently insubstantial . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are ' "so attenuated and unsubstantial as to be absolutely devoid of merit' "). And dismissal under (former) 28 U.S.C § 1915(d) is appropriate for allegations "describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328; *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C.

---

[1] Plaintiff simultaneously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting the same claims, *Demos v. Moore*, No. CIV-03-0939 JP/LCS, and previously filed a petition asserting similar claims, though not expressly invoking 28 U.S.C. § 2254, in *Demos v. Bush*, No. CIV-01-0691 JP/WWD.

§ 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), a form of judgment will be entered in accordance with this order.

                                                          UNITED STATES DISTRICT JUDGE